Daniel A. Rizzi, Esq. (DR-7153)
Nixon Peabody LLP
50 Jericho Quadrangle, Third Floor
Jericho, New York 11753-2728
(516) 832-7594; (516) 832-7555 (facsimile)
drizzi@nixonpeabody.com
Attorneys for Defendants Tiffany and Company
  and David Wilson

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARRY RUSSELL FRAZIER,<br><br>                               Plaintiff,<br><br>         - against -<br><br>TIFFANY & CO. and DAVID WILSON,<br><br>                           Defendants. | **ANSWER WITH AFFIRMATIVE <u>DEFENSES</u>**<br><br>07 Civ. 9366<br>(Scheindlin, J.) |

Defendants Tiffany and Company[1] ("Tiffany") and David Wilson ("Wilson") (collectively, the "Defendants"), by their attorneys Nixon Peabody LLP, for their answer to the Complaint of Plaintiff Harry Russell Frazier ("Frazier" or "Plaintiff") herein, allege as follows:

<u>**NATURE OF THE ACTION**</u>

1.     Admit that the allegations contained in Paragraph 1 of the Complaint purport to bring claims for unlawful discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq. ("Title VII"), but except as so admitted, deny the allegations contained in Paragraph 1, and specifically deny that Plaintiff was subjected to unlawful discrimination or retaliation of any type by Defendants.

---

[1]    Plaintiff has incorrectly named "Tiffany & Co." as a defendant in this action. Tiffany and Company, a New York corporation, <u>not</u> Tiffany & Co., was at all times material to this action Plaintiff's employer.

- 2 -

2.      Admit that the allegations contained in Paragraph 2 of the Complaint purport to bring claims for unlawful discrimination and retaliation pursuant to the New York State Human Rights Law, Executive Law Section 290 ("NYSHRL") and the New York City Human Rights Law, NYC Administrative Code Section 8-101 et seq. ("NYCHRL"), but except as so admitted, deny the allegations contained in Paragraph 2, and specifically deny that Plaintiff was subjected to unlawful discrimination or retaliation of any type by Defendants.

3.      Admit that the allegations contained in Paragraph 3 of the Complaint purport to bring claims for unlawful discrimination pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. Section 2601 et seq. ("FMLA"), but except as so admitted, deny the allegations contained in Paragraph 3, and specifically deny that Plaintiff was subjected to unlawful discrimination of any type by Defendants.

4.      The allegations of Paragraph 4 of the Complaint state a prayer for relief to which no responsive pleading is required, but should a response be required, Defendants deny all such allegations, and specifically deny that Plaintiff was denied equal employment opportunities, that Defendants maintained or applied any unlawful employment practices, and that Plaintiff is entitled to any relief, monetary or otherwise.

5.      Deny the allegations contained in Paragraph 5 of the Complaint.

6.      Admit upon information and belief that Plaintiff filed a Charge of Discrimination (Case No. 520-2007-02289) with the Equal Employment Opportunity Commission in or about April 2007, and refer the Court to said document for its content, but except as so admitted, deny the allegations contained in Paragraph 6 of the Complaint.

7.      Admit that a copy of an EEOC Dismissal and Notice of Rights, dated July 24, 2007, is annexed to the Complaint as Exhibit A, and refer the Court to said document for its

content, but except as so admitted, deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8.     Admit that the allegations contained in Paragraph 8 of the Complaint purport that this Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. Sections 1331 and 1337, supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. Section 1367, and jurisdiction over Plaintiff's Title VII-based claims pursuant to 42 U.S.C. Section 2000e, but except as so admitted, deny the allegations contained in Paragraph 8 of the Complaint.

9.     Admit that the allegations contained in Paragraph 9 of the Complaint purport to predicate venue in this Court pursuant to 28 U.S.C. Section 1391(a), but except as so admitted, deny the allegations contained in Paragraph 9 of the Complaint.

10.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

## PARTIES

11.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12.     Admit that Plaintiff was employed by Tiffany from on or about October 22, 1990 through June 15, 2006, but except as so admitted, deny the allegations contained in Paragraph 12 of the Complaint, and specifically deny that Plaintiff was subjected to unlawful discrimination of any type by Defendants.

13.     The allegations contained in Paragraph 13 of the Complaint state a conclusion of law to which no response is made or required.

14.     Admit and aver that at all times material to this action, Tiffany, a New York corporation, which has an office at 600 Madison Avenue, New York, New York, employed Plaintiff, and that Plaintiff was at no time employed by Tiffany & Co., a Delaware corporation, but except as so admitted and averred, deny the allegations contained in Paragraph 14 of the Complaint.

15.     The allegations contained in Paragraph 15 of the Complaint state a conclusion of law to which no response is made or required.

16.     The allegations contained in Paragraph 16 of the Complaint state a conclusion of law to which no response is made or required.

17.     Deny the allegations contained in Paragraph 17 of the Complaint, and specifically aver that Wilson has at all times material to this action lived and worked in New Jersey.

18.     Admit that Wilson was Plaintiff's immediate supervisor from in or about March 2004 through June 15, 2006, but except as so admitted, deny the allegations contained in Paragraph 18 of the Complaint, and specifically deny that Wilson ever subjected Plaintiff to unlawful discrimination or retaliation of any type.

19.     Deny the allegations contained in Paragraph 19 of the Complaint.

20.     Admit that Wilson was Plaintiff's immediate supervisor from in or about March 2004 through June 15, 2006, but except as so admitted, deny the allegations contained in Paragraph 20 of the Complaint, and specifically deny that Wilson ever subjected Plaintiff to unlawful discrimination or retaliation of any type.

21.     Deny the allegations contained in Paragraph 21 of the Complaint.

- 5 -

## FACTS

22.     Admit that Plaintiff was employed by Tiffany from on or about October 22, 1990 through June 15, 2006, but except as so admitted, deny the allegations contained in Paragraph 22 of the Complaint, and specifically deny that Plaintiff was subjected to unlawful discrimination of any type by Defendants.

23.     Admit and aver that in or about 1993, Plaintiff was provided the opportunity to move from his mailroom job to work as an Apprentice Hand Engraver, and later as a Hand Engraver, in Tiffany's Engraving Department, and that he worked in the Engraving Department until June 15, 2006, but except as so admitted and averred, deny the allegations contained in Paragraph 23 of the Complaint.

24.     Admit and aver that as of June 15, 2006, Plaintiff was the only African-American Hand Engraver, but not the only African-American engraver or minority individual then or ever employed in Tiffany's Engraving Department, but except as so admitted and averred, deny the allegations contained in Paragraph 24 of the Complaint.

25.     Deny the allegations contained in Paragraph 25 of the Complaint.

26.     Admit receipt of the August 1998 attorney letter referenced in Paragraph 53 of the Complaint, and refer the Court to said letter for its content, but except as so admitted, deny the allegations contained in Paragraph 26 of the Complaint.

27.     Deny the allegations contained in Paragraph 27 of the Complaint, and specifically deny that Plaintiff was subjected to unlawful discrimination or retaliation of any type by Defendants.

## PLAINTIFF'S EMPLOYMENT HISTORY

28.     Admit the allegations contained in Paragraph 28 of the Complaint.

29.    Admit the allegations contained in Paragraph 29 of the Complaint.

30.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32.    Admit that in or about April 1993, Plaintiff commenced working as an Apprentice Hand Engraver in Tiffany's Engraving Department, but except as so admitted, deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33.    Admit upon information and belief that former Tiffany employees Norman DiSalvo and Elwood Werner, along with other Tiffany Hand Engravers, taught and trained Plaintiff to perform hand engraving work, but except as so admitted, deny the allegations contained in Paragraph 33 of the Complaint.

34.    Admit that Plaintiff worked as an Apprentice Hand Engraver from in or about April 1993 to in or about October 1994, but except as so admitted, deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35.    Deny the allegations contained in Paragraph 35 of the Complaint.

36.    Deny the allegations contained in Paragraph 36 of the Complaint.

37.    Admit upon information and belief the truth of the allegations contained in Paragraph 37 of the Complaint.

38.    Admit upon information and belief the truth of the allegations contained in Paragraph 38 of the Complaint.

39.     Admit upon information and belief the truth of the allegations contained in Paragraph 39 of the Complaint.

40.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint.

42.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

45.     Deny the allegations contained in Paragraph 45 of the Complaint.

46.     Admit the allegations contained in Paragraph 46 of the Complaint.

47.     Deny the allegations contained in Paragraph 47 of the Complaint.

48.     Admit that Plaintiff was employed by Tiffany until June 15, 2006, but except as so admitted, deny the allegations contained in Paragraph 48 of the Complaint.

49.     Deny the allegations contained in Paragraph 49 of the Complaint.

50.     Deny the allegations contained in Paragraph 50 of the Complaint.

51.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint.

52.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint, and specifically deny that Plaintiff was subjected to unlawful discrimination or harassment of any type.

53.    Admits that Tiffany received a letter from Sack about the Plaintiff on or about August 12, 1998, and refer the Court to said letter for it complete content, but except as so admitted, deny the allegations contained in Paragraph 53 of the Complaint.

54.    Admit that Tiffany responded to Sack's letter by letter dated August 13, 1998, and refer the Court to said letter for it complete content, but except as so admitted, deny the allegations contained in Paragraph 54 of the Complaint.

55.    Admit and aver that Roseanne Perri was the Engraving Department's Quality Assurance Inspector at times material to this action up until approximately November 1998, but except as so admitted, deny the allegations contained in Paragraph 55 of the Complaint.

56.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint.

57.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint.

58.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint.

59.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint.

60.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint.

61.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint.

62.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint.

63.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint.

64.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint.

65.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint.

66.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint.

67.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint.

68.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint.

69.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint.

70.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint.

71.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint.

72.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint.

73.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint.

74.     Deny the allegations contained in Paragraph 74 of the Complaint.

75.     Deny the allegations contained in Paragraph 75 of the Complaint.

76.     Deny the allegations contained in Paragraph 76 of the Complaint.

77.     Deny the allegations contained in Paragraph 77 of the Complaint.

78.     Deny the allegations contained in Paragraph 78 of the Complaint.

79.     Deny that Tiffany disciplined Plaintiff, or any other employees, for lateness or absences based on medical reasons.

80.     Admit the allegations contained in Paragraph 80 of the Complaint.

81.     Admit that Plaintiff's supervisors, including Tracey Lambert and Rick Vander-Wende, issued a **Warning Notice** to Plaintiff on or about November 12, 2003, and refer the Court to said Warning Notice for its content, but except as so admitted, denies the allegations contained in Paragraph 81 of the Complaint.

82.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint.

83.     Deny the allegations contained in Paragraph 83 of the Complaint.

84.     Deny the allegations contained in Paragraph 84 of the Complaint.

85.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint.

86.     Admit the allegations contained in Paragraph 86 of the Complaint.

87.     Deny the allegations contained in Paragraph 87 of the Complaint.

88.     Deny the allegations contained in Paragraph 88 of the Complaint.

89.     Deny the allegations contained in Paragraph 89 of the Complaint.

90.     Admit and aver that Plaintiff was eligible for a substantial number of vacation days, personal days, floating holidays and sick days while employed by Tiffany, and that he availed himself of such paid time off; and admit and aver that Plaintiff had a longstanding problem with excessive late arrivals and unexcused absences, for which he was counseled, warned and disciplined on may occasions; but except as so admitted and averred, deny the allegations contained in Paragraph 90 of the Complaint.

91.     Deny that Tiffany disciplined Plaintiff, or any other employees, for seeking FMLA leave and other sick leave.

92.     Admit and aver that Plaintiff was counseled, warned and disciplined on may occasions throughout his employment with Tiffany for excessive late arrivals and unexcused absences, including but not limited to Written Warnings issued in late 2003, 2004 and 2005, but except as so admitted and averred, deny the allegations contained in Paragraph 92 of the Complaint.

93.     Admit that Wilson issued Plaintiff a Performance Management Process Review in or about March 2006, and refer the Court to said document for its complete content, but except as so admitted, deny the allegations contained in Paragraph 93 of the Complaint.

94.     Admit that Wilson issued Plaintiff a Performance Management Process Review in or about March 2006, and refer the Court to said document for its complete content, but except as so admitted, deny the allegations contained in Paragraph 94 of the Complaint.

95.     Admit that Wilson issued Plaintiff a Performance Management Process Review in or about March 2006, and refer the Court to said document for its complete content, but except as so admitted, deny the allegations contained in Paragraph 95 of the Complaint.

96.     Admit that Wilson issued Plaintiff a Performance Management Process Review in or about March 2006, and refer the Court to said document for its complete content, but except as so admitted, deny the allegations contained in Paragraph 96 of the Complaint.

97.     Admit that Wilson issued Plaintiff a Performance Management Process Review in or about March 2006, and refer the Court to said document for its complete content, but except as so admitted, deny the allegations contained in Paragraph 97 of the Complaint.

98.     Deny the allegations contained in Paragraph 98 of the Complaint.

99.     Deny the allegations contained in Paragraph 99 of the Complaint.

100.     Admit that Plaintiff raised the issue of the possibility of a transfer in or about April 2006, but except as so admitted, deny the allegations contained in Paragraph 100 of the Complaint.

101.     Deny the allegations contained in Paragraph 101 of the Complaint.

102.     Deny the allegations contained in Paragraph 102 of the Complaint.

103.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint.

104.     Admit that Patrick B. Dorsey, Tiffany's Senior Vice President, Secretary and General Counsel ("Dorsey"), received the referenced attorney letter, a copy of which is annexed as Exhibit C to the Complaint, but except as so admitted, deny the allegations contained in Paragraph 104 of the Complaint.

105.     Deny the allegations contained in Paragraph 105 of the Complaint.

- 13 -

106.    Deny the allegations contained in Paragraph 106 of the Complaint.

107.    Deny the allegations contained in Paragraph 107 of the Complaint.

108.    Deny the allegations contained in Paragraph 108 of the Complaint.

109.    Admit that Dorsey sent a reply e-mail message to Sack on June 13, 2007, and refer the Court to said e-mail for its content, but except as so admitted, deny the allegations contained in Paragraph 109 of the Complaint, and specifically aver that the decision to terminate Plaintiff's employment was made on or before June 7, 2006 as reflected in the Employee Job Action Form prepared on that date, to which Defendants respectfully refer the Court.

110.    Admit that Plaintiff was advised of his termination on June 15, 2006, but except as so admitted, deny the allegations contained in Paragraph 110 of the Complaint.

111.    Admit upon information and belief the allegations contained in Paragraph 111 of the Complaint.

112.    Admit that on June 15, 2006, Wilson advised Plaintiff that his employment was terminated; provided Plaintiff with a copy of his Termination Notice and its attachment, and refer the Court to said documents for their complete content; but except as so admitted, deny the allegations contained in Paragraph 112 of the Complaint.

113.    Admit that on June 15, 2006, Wilson advised Plaintiff that his employment was terminated; provided Plaintiff with a copy of his Termination Notice and its attachment – which Plaintiff refused to sign, and refer the Court to said documents for their complete content; but except as so admitted, deny the allegations contained in Paragraph 113 of the Complaint.

114.    Admit that on June 15, 2006, Wilson advised Plaintiff that his employment was terminated; provided Plaintiff with a copy of his Termination Notice and its attachment, and

- 14 -

refer the Court to said documents for their complete content, but except as so admitted, deny the allegations contained in Paragraph 114 of the Complaint.

115.    Deny the allegations contained in Paragraph 115 of the Complaint.

116.    Admit and aver that as of June 15, 2006, Plaintiff was the only African-American Hand Engraver, but not the only African-American engraver or minority individual then or ever employed in Tiffany's Engraving Department, but except as so admitted and averred, deny the allegations contained in Paragraph 116 of the Complaint.

117.    Deny the allegations contained in Paragraph 117 of the Complaint.

118.    Deny the allegations contained in Paragraph 118 of the Complaint.

119.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of the Complaint.

120.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the Complaint.

121.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of the Complaint.

122.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 of the Complaint.

123.    Deny the allegations contained in Paragraph 123 of the Complaint.

124.    Deny the allegations contained in Paragraph 124 of the Complaint.

125.    Deny the allegations contained in Paragraph 125 of the Complaint.

126.    Deny the allegations contained in Paragraph 126 of the Complaint.

127.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 of the Complaint.

128.    Admit that Wilson issued Plaintiff a Performance Management Process Review in or about March 2006, and refer the Court to said document for its complete content, but except as so admitted, deny the allegations contained in Paragraph 128 of the Complaint.

129.    Deny the allegations contained in Paragraph 129 of the Complaint.

130.    Deny the allegations contained in Paragraph 130 of the Complaint, and specifically aver that Plaintiff was counseled, warned and disciplined for his lateness and unexcused absence problems as early as 1998.

131.    Deny the allegations contained in Paragraph 131 of the Complaint.

132.    Deny the allegations contained in Paragraph 132 of the Complaint.

133.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the Complaint.

## FIRST CAUSE OF ACTION
### (Title VII – Race Discrimination)

134.    Repeat, re-allege and incorporate by reference herein each and every response to Paragraphs 1 through 133 of the Complaint, as if fully set forth herein, in response to Paragraph 134 of the Complaint.

135.    Deny the allegations contained in Paragraph 135 of the Complaint, and specifically deny that Plaintiff was subjected to unlawful discrimination or retaliation of any type by Defendants.

136.    Deny the allegations contained in Paragraph 136 of the Complaint.

137.    Deny the allegations contained in Paragraph 137 of the Complaint.

138.    Deny the allegations contained in Paragraph 138 of the Complaint.

139.    Deny the allegations contained in Paragraph 139 of the Complaint.

140.    Deny the allegations contained in Paragraph 140 of the Complaint.

141.    Deny the allegations contained in Paragraph 141 of the Complaint.

142.    Deny the allegations contained in Paragraph 142 of the Complaint.

143.    Deny the allegations contained in Paragraph 143 of the Complaint.

144.    Deny the allegations contained in Paragraph 144 of the Complaint.

145.    Deny the allegations contained in Paragraph 145 of the Complaint.

146.    Deny the allegations contained in Paragraph 146 of the Complaint.

## SECOND CAUSE OF ACTION
(NYSHRL – Race Discrimination)

147.    Repeat, re-allege and incorporate by reference herein each and every response to Paragraphs 1 through 146 of the Complaint, as if fully set forth herein, in response to Paragraph 147 of the Complaint.

148.    Deny the allegations contained in Paragraph 148 of the Complaint, and specifically deny that Plaintiff was subjected to unlawful discrimination or retaliation of any type by Defendants.

149.    Deny the allegations contained in Paragraph 149 of the Complaint.

150.    Deny the allegations contained in Paragraph 150 of the Complaint.

151.    Deny the allegations contained in Paragraph 151 of the Complaint.

152.    Deny the allegations contained in Paragraph 152 of the Complaint.

153.    Deny the allegations contained in Paragraph 153 of the Complaint.

154.    Deny the allegations contained in Paragraph 154 of the Complaint.

155.    Deny the allegations contained in Paragraph 155 of the Complaint.

156.    Deny the allegations contained in Paragraph 156 of the Complaint.

157.    Deny the allegations contained in Paragraph 157 of the Complaint.

## THIRD CAUSE OF ACTION
### (NYCHRL – Race Discrimination)

158.    Repeat, re-allege and incorporate by reference herein each and every response to Paragraphs 1 through 157 of the Complaint, as if fully set forth herein, in response to Paragraph 158 of the Complaint.

159.    Deny the allegations contained in Paragraph 159 of the Complaint, and specifically deny that Plaintiff was subjected to unlawful discrimination or retaliation of any type by Defendants.

160.    Deny the allegations contained in Paragraph 160 of the Complaint.

161.    Deny the allegations contained in Paragraph 161 of the Complaint.

162.    Deny the allegations contained in Paragraph 162 of the Complaint.

163.    Deny the allegations contained in Paragraph 163 of the Complaint.

164.    Deny the allegations contained in Paragraph 164 of the Complaint.

165.    Deny the allegations contained in Paragraph 165 of the Complaint.

166.    Deny the allegations contained in Paragraph 166 of the Complaint.

167.    Deny the allegations contained in Paragraph 167 of the Complaint.

168.    Deny the allegations contained in Paragraph 168 of the Complaint.

## FOURTH CAUSE OF ACTION
### (Title VII – Retaliation)

169.    Repeat, re-allege and incorporate by reference herein each and every response to Paragraphs 1 through 168 of the Complaint, as if fully set forth herein, in response to Paragraph 169 of the Complaint.

170.    Deny the allegations contained in Paragraph 170 of the Complaint.

171.    Admit receipt of the August 1998 attorney letter referenced in Paragraph 53 of the Complaint, and refer the Court to said letter for its content, but except as so admitted, deny the allegations contained in Paragraph 171 of the Complaint.

172.    Admit receipt of the August 1998 attorney letter referenced in Paragraph 53 of the Complaint, and refer the Court to said letter for its content, but except as so admitted, deny the allegations contained in Paragraph 172 of the Complaint.

173.    Deny the allegations contained in Paragraph 173 of the Complaint.

174.    Deny the allegations contained in Paragraph 174 of the Complaint.

175.    Deny the allegations contained in Paragraph 175 of the Complaint.

176.    Deny the allegations contained in Paragraph 176 of the Complaint.

177.    Deny the allegations contained in Paragraph 177 of the Complaint.

178.    Deny the allegations contained in Paragraph 178 of the Complaint.

179.    Deny the allegations contained in Paragraph 179 of the Complaint.

180.    Deny the allegations contained in Paragraph 180 of the Complaint.

181.    Deny the allegations contained in Paragraph 181 of the Complaint.

## FIFTH CAUSE OF ACTION
### (NYSHRL – Retaliation)

182.    Repeat, re-allege and incorporate by reference herein each and every response to Paragraphs 1 through 181 of the Complaint, as if fully set forth herein, in response to Paragraph 182 of the Complaint.

183.    Deny the allegations contained in Paragraph 183 of the Complaint.

184.    Admit receipt of the August 1998 attorney letter referenced in Paragraph 53 of the Complaint, and refer the Court to said letter for its content, but except as so admitted, deny the allegations contained in Paragraph 184 of the Complaint.

185.    Admit receipt of the August 1998 attorney letter referenced in Paragraph 53 of the Complaint, and refer the Court to said letter for its content, but except as so admitted, deny the allegations contained in Paragraph 185 of the Complaint.

186.    Deny the allegations contained in Paragraph 186 of the Complaint.

187.    Deny the allegations contained in Paragraph 187 of the Complaint.

188.    Deny the allegations contained in Paragraph 188 of the Complaint.

189.    Deny the allegations contained in Paragraph 189 of the Complaint.

190.    Deny the allegations contained in Paragraph 190 of the Complaint.

191.    Deny the allegations contained in Paragraph 191 of the Complaint.

192.    Deny the allegations contained in Paragraph 192 of the Complaint.

193.    Deny the allegations contained in Paragraph 193 of the Complaint.

194.    Deny the allegations contained in Paragraph 194 of the Complaint.

## SIXTH CAUSE OF ACTION
(NYCHRL – Retaliation)

[195].  Repeat, re-allege and incorporate by reference herein each and every response to Paragraphs 1 through 194 of the Complaint, as if fully set forth herein, in response to Paragraph [195] of the Complaint.

195.    Deny the allegations contained in Paragraph 195 of the Complaint.

196.    Admit receipt of the August 1998 attorney letter referenced in Paragraph 53 of the Complaint, and refer the Court to said letter for its content, but except as so admitted, deny the allegations contained in Paragraph 19 of the Complaint.

197.    Admit receipt of the August 1998 attorney letter referenced in Paragraph 53 of the Complaint, and refer the Court to said letter for its content, but except as so admitted, deny the allegations contained in Paragraph 197 of the Complaint.

198.    Deny the allegations contained in Paragraph 198 of the Complaint.

199.    Deny the allegations contained in Paragraph 199 of the Complaint.

200.    Deny the allegations contained in Paragraph 200 of the Complaint.

201.    Deny the allegations contained in Paragraph 201 of the Complaint.

202.    Deny the allegations contained in Paragraph 202 of the Complaint.

203.    Deny the allegations contained in Paragraph 203 of the Complaint.

204.    Deny the allegations contained in Paragraph 204 of the Complaint.

205.    Deny the allegations contained in Paragraph 205 of the Complaint.

206.    Deny the allegations contained in Paragraph 206 of the Complaint.

## SEVENTH CAUSE OF ACTION
(Against Wilson - NYSHRL Aiding and Abetting)

207.    Repeat, re-allege and incorporate by reference herein each and every response to Paragraphs 1 through 206 of the Complaint, as if fully set forth herein, in response to Paragraph 207 of the Complaint.

208.    Deny the allegations contained in Paragraph 208 of the Complaint.

209.    Deny the allegations contained in Paragraph 209 of the Complaint.

210.    Deny the allegations contained in Paragraph 210 of the Complaint.

**EIGHTH CAUSE OF ACTION**
(Against Wilson - NYCHRL Aiding and Abetting)

211.    Repeat, re-allege and incorporate by reference herein each and every response to Paragraphs 1 through 210 of the Complaint, as if fully set forth herein, in response to Paragraph 211 of the Complaint.

212.    Deny the allegations contained in Paragraph 212 of the Complaint.

213.    Deny the allegations contained in Paragraph 213 of the Complaint.

214.    Deny the allegations contained in Paragraph 214 of the Complaint.

**NINTH CAUSE OF ACTION**
(FMLA Discrimination)

215.    Repeat, re-allege and incorporate by reference herein each and every response to Paragraphs 1 through 214 of the Complaint, as if fully set forth herein, in response to Paragraph 215 of the Complaint.

216.    Deny the allegations contained in Paragraph 216 of the Complaint.

217.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 217 of the Complaint.

218.    Deny the allegations contained in Paragraph 218 of the Complaint.

219.    Deny the allegations contained in Paragraph 219 of the Complaint.

220.    Deny the allegations contained in Paragraph 220 of the Complaint.

221.    Deny the allegations contained in Paragraph 221 of the Complaint.

222.    Deny the allegations contained in Paragraph 222 of the Complaint.

223.    Deny the allegations contained in Paragraph 223 of the Complaint.

224.    Deny the allegations contained in Paragraph 224 of the Complaint.

225.    Deny the allegations contained in Paragraph 225 of the Complaint.

- 22 -

226. Deny the allegations contained in Paragraph 226 of the Complaint.

227. Deny the allegations contained in Paragraph 227 of the Complaint.

228. Deny the allegations contained in Paragraph 228 of the Complaint.

### TENTH CAUSE OF ACTION
#### (FMLA Retaliation)

229. Repeat, re-allege and incorporate by reference herein each and every response to Paragraphs 1 through 228 of the Complaint, as if fully set forth herein, in response to Paragraph 229 of the Complaint.

230. Deny the allegations contained in Paragraph 230 of the Complaint.

231. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 231 of the Complaint.

232. Deny the allegations contained in Paragraph 232 of the Complaint.

233. Deny the allegations contained in Paragraph 233 of the Complaint.

234. Deny the allegations contained in Paragraph 234 of the Complaint.

235. Deny the allegations contained in Paragraph 235 of the Complaint.

236. Deny the allegations contained in Paragraph 236 of the Complaint.

237. Deny the allegations contained in Paragraph 237 of the Complaint.

238. Deny the allegations contained in Paragraph 238 of the Complaint.

239. Deny the allegations contained in Paragraph 239 of the Complaint.

240. Deny the allegations contained in Paragraph 240 of the Complaint.

241. Deny the allegations contained in Paragraph 241 of the Complaint.

242. Deny the allegations contained in Paragraph 242 of the Complaint.

### REQUEST FOR ATTORNEYS FEES, PUNITIVE DAMAGES, RELIEF AND A JURY TRIAL

243.    Deny the allegations contained in Paragraph 243 of the Complaint.

244.    Deny the allegations contained in Paragraph 244 of the Complaint; deny the allegations and prayer for relief in the "WHEREFORE" paragraphs which immediately follow Paragraph 244 of the Complaint; and deny the jury trial demand which immediately follows thereafter.

### GENERAL DENIAL

Denies each and every allegation not specifically admitted herein.

### GENERAL DEFENSE

Plaintiff's discrimination and retaliation claims must be dismissed because he has not demonstrated, and cannot demonstrate, that Tiffany's decisions and actions in this case were a pretext for discrimination or retaliation.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims are barred to the extent that they were not filed within the applicable statutes of limitations and/or administrative filing periods.

### THIRD AFFIRMATIVE DEFENSE

The claims are barred, in whole or in part, by the principles of waiver, estoppel and/or laches.

## FOURTH AFFIRMATIVE DEFENSE

The claims are barred to the extent that Plaintiff failed to timely and properly exhaust all necessary administrative, statutory and/or jurisdictional prerequisites for the commencement of this action.

## FIFTH AFFIRMATIVE DEFENSE

The Title VII claims are barred to the extent that they were not alleged or encompassed within the EEOC Charge filed by the Plaintiff, or the EEOC's investigation thereof.

## SIXTH AFFIRMATIVE DEFENSE

The claims must be dismissed because Defendants exercised reasonable care to prevent and to promptly correct alleged discriminatory or retaliatory conduct in its workplace.

## SEVENTH AFFIRMATIVE DEFENSE

The claims must be dismissed because Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by Defendants, or to avoid his alleged harm otherwise.

## EIGHTH AFFIRMATIVE DEFENSE

The claims must be dismissed because Defendants did not aid, abet, ratify, condone, encourage or acquiesce in any alleged discriminatory or retaliatory conduct.

## NINTH AFFIRMATIVE DEFENSE

The relief sought herein is barred to the extent that Plaintiff has failed to take reasonable steps to mitigate his damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages because at no time did Defendants engage in any discriminatory practice or conduct with malice or reckless indifference to Plaintiff's rights. To the contrary, Defendants made a good-faith effort to comply with their obligations under the applicable discrimination statute(s).

## ELEVENTH AFFIRMATIVE DEFENSE

The emotional distress claims are barred, in whole or in part, by the exclusivity provisions of Sections 10 and 11 of the New York State Workers' Compensation Law.

## TWELFTH AFFIRMATIVE DEFENSE

Any award of punitive damages must be reduced or reversed to the extent that it violates the provisions of the United States and New York State Constitutions.

**WHEREFORE,** Defendants Tiffany and Company and David Wilson respectfully request judgment dismissing the Complaint in its entirety, an award an award of the costs and disbursements they incur in this action, including reasonable attorney's fees, and such other relief as the Court deems just and proper.

Dated: December 17, 2007
      Jericho, New York

**NIXON PEABODY LLP**

Of Counsel:
      Daniel A. Rizzi, Esq.

By: /S/ Daniel A. Rizzi, Esq.
      Daniel A. Rizzi, Esq.
50 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 832-7500
Attorneys for Defendants Tiffany and
      Company and David Wilson

To:    Jonathan Sack, Esq. (JSS-1835)
      Sack & Sack, Esqs.
      110 East 59th Street, 19th Floor
      New York, New York 10022
      (212) 702-9000; (212) 702-9702 (fax)
      Attorneys for Plaintiff