UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HARRY RUSSELL FRAZIER,                          :

           Plaintiff,                         :      ORDER SCHEDULING
                                                      SETTLEMENT CONFERENCE
  -v.-                                                   :
                                                      07 Civ. 9366 (SAS) (GWG)
TIFFANY & Co. et al.,                                :

           Defendant.                       :
------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      A settlement conference in this matter is scheduled for January 29, 2008, at 10:00 a.m. in Courtroom 17-A, United States Courthouse, 500 Pearl Street, New York, New York. The parties should be sure to arrive a few minutes early so that the conference may begin promptly.

      The Court's Standing Order In Cases Referred for Settlement is enclosed and is incorporated herein by reference. Please read the Standing Order carefully.

      The parties are directed to pay particular attention to paragraph 6 of the Standing Order, which sets forth who must appear at the conference on behalf of a corporate or union client. As noted therein, corporations or unions (or any other party that is not a natural person) must send to the conference the person responsible for <u>giving</u> settlement authority -- not someone who has received authority from another person. In addition, if an insurer has any role in approving a settlement, a representative of the insurer with responsibility for authorizing settlement must <u>also</u> attend the conference. Attorneys are responsible for ensuring that the appropriate individuals appear.

      The parties should also note that paragraph 3 of the Standing Order requires certain written submissions, which must be received by the Court and all other parties no later than

12:00 noon three business days before the conference: that is, **January 24, 2008**. These submissions may not be sent to the Court by means of the ECF system.

Under paragraph 8 of the Standing Order, counsel are <u>required</u> to seek a change in the date of the conference if (1) an adjournment would permit a party to obtain information that would make the conference more fruitful or (2) a client who would otherwise participate by telephone would be available to attend the conference were it held on another date. The parties should follow the instructions in paragraph 8 to seek any change in date.

Each counsel must promptly confirm that all other attorneys on the case have received a copy of this Order along with the attached Standing Order. If a party is aware of any person or entity not listed herein and/or on the ECF system who should be present at the conference, that party should contact Deputy Clerk Sylvia Gonzalez immediately at (212) 805-4260.

If the plaintiff has not already made a settlement demand, such a demand shall be communicated to the opposing party no later than 10 business days prior to the conference. If it has not already done so, the opposing party shall respond to any demand with a counteroffer no later than 5 business days thereafter.

SO ORDERED.

Dated: December 17, 2007
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET
NEW YORK, NEW YORK 10007

GABRIEL W. GORENSTEIN
UNITED STATES MAGISTRATE JUDGE

## Standing Order In Cases Referred for Settlement
## to Magistrate Judge Gabriel W. Gorenstein

1. Settlement conferences form no part of the record. All communications made as part of the conference process are strictly confidential and may not be used for any purpose.

2. Judge Gorenstein will function as a mediator, attempting to help the parties reach agreement on terms of settlement. This process requires that counsel and their clients be both prepared for the conference and candid with the Court. The Court expects to hold only one settlement conference.

3. **No later than 12:00 noon three business days before the conference,** the Court and opposing counsel must be in receipt of a letter from counsel for each party marked prominently "CONFIDENTIAL MATERIAL FOR USE ONLY AT SETTLEMENT CONFERENCE," setting forth succinctly (normally in 7 pages or less) the following: (1) A discussion of the relevant facts and applicable law, with an emphasis on the issues most pertinent to settlement -- including a discussion of liability and, if appropriate, of damages in the event liability were established. If injunctive relief is sought in addition to or instead of money damages, the parties should set forth their positions as to the provision of such relief. (2) The history of settlement negotiations, if any, including any prior offers or demands. This letter must be received by all parties no later than 12:00 noon three business days before the settlement conference. Counsel must promptly provide a copy of the opposing party's letter to their client and/or insurer. These letters may be used solely for the purpose of this settlement conference. They may not be used by the parties for any other purpose, either in this litigation or elsewhere.

    On or before the due date of this submission, the parties must <u>also</u> submit to the Court the "Acknowledgment Form" that appears following this Standing Order. As is true for the above-described letter, the Acknowledgment Form must also be served on all other parties that will be attending the conference. Both of the required submissions may be sent to the Court via facsimile at (212) 805-4268, <u>provided that the facsimile transmission (including any exhibits) does not exceed 15 pages</u>. If sent by fax, do not also send a hard copy.

4. At the settlement conference, all counsel will be expected to make a succinct presentation (usually 10-20 minutes) in the presence of each other and the parties summarizing the issues of fact and law they regard as dispositive and any other matters they regard as material to settlement. The presentation should be directed toward persuading the opposing party, not the Court. It is usually useful for the presentation include a discussion of issues raised in the opposing party's confidential settlement letter. Visual aids may be used if they would present certain information more efficiently to the opposing party. Following the presentations, the Court will allow counsel to respond to points made by opposing counsel and, if appropriate, to pose constructive questions to their adversary. Clients are encouraged to speak as well.

5. Following the presentations, the Court will meet separately with each side in private. In these meetings, the parties and their counsel will be expected to reveal their clients' ultimate position on

settlement, the amount of attorneys' fees and expenses incurred to date, and an estimate of the cost of litigating the case to judgment, including the cost of any appeal.

6. The presence in person of each party (that is, the client), in addition to the party's lawyer, is essential to the settlement process. Also, if an insurance company has any role in approving a settlement, a knowledgeable representative of the carrier with full authority must attend in addition to the insured. Because it is important that the decisionmakers with respect to settlement hear their adversaries' presentations and be available to answer questions from the Court, the person who attends must be the person with responsibility for determining the amount of any ultimate settlement and who has not had limitations placed by another person with respect to his or her authority to settle. That is, corporate parties, labor unions and insurance companies (or any other party that is not a natural person) must send to the conference the person responsible for **giving** settlement authority, not someone who has received authority from someone else.

   Note: A client or insurer's attendance by telephone is permitted if the party lives and works more than 100 miles from the Courthouse and it would be a great hardship for the party to attend a conference held on any date. Where a party attends by telephone, the party must be on the telephone for the entire conference, which is potentially up to a three-hour period. (In the event more than two parties indicate their intent to appear by telephone, the technical limitations of the telephone system may prevent some parties from so attending.)

   If needed by a client, each party must supply its own simultaneous interpreter (who need not have any special certification). In cases where the Comptroller of the City of New York has authority over settlement, the Assistant Corporation Counsel must make arrangements in advance of the conference for a representative of the Comptroller either to attend the conference or to be available by telephone.

7. If a party fails to attend the settlement conference with all of the required persons – that is, the attorney, plus the client (which, for a corporate or union party, means a decision-making employee of the client as described in paragraph 6, above), plus a decision-making representative from the insurance carrier (if applicable) – that party may be required to reimburse all of the other parties for their time and travel expenses, and may face other sanctions.

8. A party may make an application to adjourn or advance the date of the settlement conference without providing cause as long as the application for a change in date is made at least two weeks prior to the scheduled conference date. Otherwise, counsel should set forth the reasons for seeking the change in date and must make the application as soon as counsel becomes aware of the need or potential need for the change. In addition, the parties are required to seek a change in date if (1) an adjournment would permit necessary discovery or exchange of information that would make the conference more fruitful, or (2) a client who would otherwise participate by telephone would be available to attend the conference were it held on another date. To seek a change in date, the party should first contact the Deputy Clerk, Sylvia Gonzalez, at (212) 805-4260 to determine an alternative available date and time. Counsel should thereupon immediately consult with all other counsel as to their and their clients' and insurers' availability on such date. The party must then make a written application to the Court by letter (which may be sent by facsimile at (212) 805-4268) forthwith requesting the new date and time and indicating that it is agreed to by all parties. The conference date is not changed unless counsel are thereafter informed by the Deputy Clerk that the written application has been granted.

9. The scheduling of a settlement conference has no effect on any deadlines or other pending obligations in the case.

ACKNOWLEDGMENT FORM

Complete this form (please print or type) or its equivalent, sign it, and send it (for receipt no later than 12:00 noon three business days prior to the conference) to all other attorneys who will be attending the conference AND to:

    Hon. Gabriel W. Gorenstein    [Facsimile Telecopier Number: (212) 805-4268]
    United States Magistrate Judge
    500 Pearl Street
    New York, NY 10007

**Name of Case:**    **Frazier v. Tiffany & Co.**
**Docket Number:**    **07 Civ. 9366 (SAS) (GWG)**

I acknowledge that my client and I must attend a settlement conference on January 29, 2008, at 10:00 a.m. in Courtroom 17-A, United States Courthouse, 500 Pearl Street, New York, NY.

1.    I am attorney for _____
[state name of party/also state whether party is plaintiff or defendant].

    (For corporate or other non-individual clients): The name of the representative of my client who will attend the conference is:_____. The title of this representative is:_____.

2.    CHECK ONE LINE BELOW:

  a.    \_\_\_\_ The above-named individual will attend in person.

  b.    \_\_\_\_ The above-named individual will attend by telephone because I certify that (1) such individual lives and works more than 100 miles from New York City (or, if my client is not an individual, the client's decision-maker lives and works more than 100 miles from New York City), and (2) it would be a great hardship for this individual to attend a settlement conference on this or any other date. This individual understands that he or she must participate by telephone without interruption for the duration of the conference.

3.    <u>I certify that the person attending the conference (in person or by telephone) is the person with ultimate responsibility for determining the settlement amount: that is, the person responsible for giving settlement authority, not someone who has received authority from another person. In addition, if there is an insurance carrier with authority over settlement, a representative from such carrier with complete responsibility over settlement will be present in person or by telephone</u>.

4.    I acknowledge receiving a copy of the two-page document entitled "Standing Order In Cases Referred for Settlement to Magistrate Judge Gabriel W. Gorenstein."

                                                  _____
                                                  [signature of attorney]

                                                  _____
                                                  [print attorney's name]